### In the Matter of Harlan M. NOEL.

### No. 45S00–9001–DI–44.

Supreme Court of Indiana.

Oct. 21, 1993.

Joseph M. Skozen, Munster, for respondent.

Donald R. Lundberg, Executive Secretary, Jeffrey D. Todd, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Respondent, Harlan M. Noel, was charged in a three-count Verified Complaint for Disciplinary Action with several violations of the *Rules of Professional Conduct for Attorneys at Law* and the *Code of Professional Responsibility for Attorneys at Law*. Thereafter, the Respondent and the Disciplinary Commission tendered for this Court's approval a "Statement of Circumstances and Conditional Agreement for Discipline" pursuant to Ind. Admission and Discipline Rule 23, Section 11(d). The Respondent also tendered his affidavit pursuant to Admis.Disc.R. 23(17)(a). This opinion more fully sets out the facts and circumstances of this case.

**Count I.**

As set forth in the tendered agreement, Respondent was admitted to the Bar of this state on May 22, 1968, and is therefore subject to the disciplinary jurisdiction of this Court. The agreed facts are that Richard Serletic ("Serletic") retained Respondent in 1983 to represent Sir Lancelot Investments, a limited partnership in which he and his relatives shared an interest. On December 12, 1983, Respondent filed a lawsuit on their behalf in Lake Superior Court, alleging liability against the city of Hammond, among others, for physical damage to a building owned by Sir Lancelot. On January 7, 1986, the court warned Respondent that Sir Lancelot's action would be dismissed if he did not respond to five specific requests for production filed by the opposing parties. Respondent failed to respond, and, on February 7, 1986, the action was dismissed. Respondent appeared in court on May 1, 1987, and was granted a one-month extension to reinstate the claim by filing the discovery responses.

On June 26, 1987, the remaining parties to the action filed a stipulation and settlement. The court's acceptance of the agreement and docket entry reiterated Sir Lancelot's dismissal due to Respondent's failure to comply with the May 1, 1987, extension. On May 10, 1988, Serletic asked Respondent for an update on the status of the Sir Lancelot action. Respondent told him that the next hearing was scheduled for June 21, 1988. On June 14, 1988, Respondent informed Serletic that the hearing was cancelled due to the judge's illness, but assured him that he would advise him of the next date. Serletic thereafter had no further contact with Respondent, despite repeated attempts.

**Count II.**

Gladys Lorance ("Gladys") died testate on September 20, 1985, and her estate was opened by attorney Benedict Dankovis

("Dankovis") that same day. Her children, Louise Pugsley ("Pugsley") and William Lorance ("Lorance") became executors. On November 5, 1985, Gladys's will was probated, and her estate was valued at approximately $36,000. Pugsley and Lorance were the only beneficiaries.

Dankovis and Lorance died in early 1986, leaving Pugsley as sole executor of the estate. Pugsley appointed Respondent to succeed Dankovis as the estate's attorney. William Lorance's widow then paid Respondent approximately $3,200, anticipating that beneficiary proceeds of Gladys's estate would pour over to the estate of Lorance, for which Respondent also served as attorney.

From the beginning of his representation in connection with Gladys's estate until his termination in February, 1988, Respondent provided negligible services and failed to secure the closing of the estate. Respondent failed to file a final accounting, although one had been drafted. Further, he did not comply with reasonable requests from the executor or beneficiary to apprise them of the status of the estate.

## Count III.

Leo and Elaine Abrahamson retained Respondent on May 28, 1985, to represent them and their auto dealership as defendants in several claims involving fraud, breach of contract, and odometer tampering. Respondent's lack of diligence resulted in damage to his clients in the following actions:

a. In *Montelone vs. Abrahamson Chrysler*, No. 286–3936, Lake County, Respondent's inaction resulted in a default judgment awarded to plaintiff in the amount of $19,567.62.

b. In *Lyons Capital Resources vs. Abrahamson Chrysler*, No. C86–101, Porter County, Respondent's inaction resulted in a default judgment awarded to plaintiff in the amount of $8,032.75.

c. In *Orr vs. Abrahamson Chrysler*, No. 186–270, Lake County, Respondent's failure to respond to a discovery order or to notify his client of a hearing resulted in the bench warrant arrest of Leo Abrahamson and a default judgment being awarded plaintiff.

d. In *Richmand v. Abrahamson Chrysler*, No. 2SC86–1477, Lake County, plaintiff was awarded judgment after full hearing. Respondent filed a motion to correct errors, which was denied January 21, 1987. Respondent then assured Abrahamson that an appeal had been perfected and that "everything was being taken care of." This representation caused Abrahamson to miss a proceedings supplemental hearing and to have a bench warrant issued for his arrest. No appeal was ever filed.

e. In *Cline vs. Abrahamson Chrysler*, No. 1SC86–592PL, Lake County, the court granted plaintiff's motion to default and entered judgment in his favor when Respondent failed to plead or answer the initial complaint after referral to him by Abrahamson.

■ The findings set forth under the three counts clearly and convincingly establish Respondent's violations of the *Rules of Professional Conduct* and the *Code of Professional Responsibility*. He violated Prof.Cond.Rules 1.3 and 1.4 and D.R. 6–101(A)(3) by failing to act with reasonable diligence and by failing to keep his clients reasonably informed as to the status of a legal matter; he violated Prof.Cond.R. 1.16 by failing to return to William Lorance's widow unearned attorney's fees; and he violated Prof.Cond.R. 8.4(a), (c), and (d) and D.R. 1–102(A)(1), (3), (4), (5), and (6) by violating or attempting to violate the *Rules of Professional Conduct*, by engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, and by engaging in conduct prejudicial to the administration of justice.

■ In their agreement, the parties have indicated that the appropriate sanction for Respondent's misconduct is a suspension from the practice of law for a period of one (1) year.

Although the record before us presents a grievous pattern of neglect including, in numerous instances, a total failure on the part of Respondent to act on behalf of his

clients, we are cognizant of significant mitigating factors. Over a period of time, Respondent had become afraid to go to work, to meet with his clients, and to appear in court. He lacked concentration and was inattentive both at the office and in the courtroom. He realized that the quality of his services was deteriorating and sought medical help for possible physical and mental maladies. A complete physical examination revealed no problems. He began psychological care and was diagnosed as suffering an anxiety disorder with atypical panic disorder. Since 1986, Respondent has treated this condition with prescribed medication and continues to receive psychological treatment. He intends to use his experience of illness to counsel other attorneys with similar psychological problems.

Based on the above considerations, we are persuaded that a one (1) year period of suspension, subject to conditional reinstatement, appropriately addresses the severity of the misconduct at issue, and will serve to protect the public and the profession until such time that Respondent can be safely recommended to the Bar and the public as a person fit to be consulted and to represent others.

Accordingly, this Court concludes that the tendered agreement should be approved and the agreed sanction imposed. It is, therefore, ordered that the Respondent, Harlan M. Noel, is suspended from the Bar for a period of one (1) year, beginning November 22, 1993, at the expiration of which he will be eligible for reinstatement provided he meets the requirements of Admis.Disc.R. 23(4), proves that his treatment and medication for his anxiety disorder have been effective, and that his reliability as an attorney has been restored.

Costs of this proceeding are assessed against the Respondent.